# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BELCHER PHARMACEUTICALS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 17-775-LPS |
| HOSPIRA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **May, 2019**:

Having reviewed the proposed final pretrial order ("PTO") (D.I. 201) filed by Plaintiff Belcher Pharmaceuticals, LLC ("Belcher" or "Plaintiff") and Defendant Hospira, Inc. ("Hospira" or "Defendant"), IT IS HEREBY ORDERED that:

1. Belcher's motion *in limine* ("MIL") No. 1, to exclude evidence regarding Hospira's prior Abboject Product, is DENIED. The Court is not persuaded that unclean hands is a basis to bar a party from asserting prior art as part of an ensnarement defense (Hospira has not come into court seeking equitable relief related to the Abboject Product) or that, in any event, Hospira has unclean hands.

2. Belcher's MIL No. 2, to exclude evidence concerning claim 6 as being directed to a product-by-process claim, is DENIED, for the reasons stated in the Court's supplemental claim construction opinion (D.I. 204), which held that claim 6 is a product-by-process claim.

3. Hospira's MIL No. 1, to preclude Belcher from arguing issues of law and presenting evidence of facts and opinions not properly disclosed in the PTO, is GRANTED. The Court agrees with Hospira that "Belcher has not fairly notified Hospira of its anticipated trial

1

strategy" and "Hospira has not been afforded proper notice of the bases upon which Belcher intends to prove its case." (Mot. at 1-2) As set out in the Court's form pretrial order (*see* Mot. Ex. F at 2), "[t]he Court will preclude a party from seeking relief based on claims and defenses not described in the draft pretrial order." The parties shall be prepared to discuss at the pretrial conference ("PTC") later today the particular implications of implementation of the Court's ruling on this motion, including whether (and if so when) the Court should permit Belcher to modify the PTO.

4. Hospira's MIL No. 2, to preclude evidence of other litigation between the parties and the regulatory status of the Abboject Product, is DENIED. Such evidence will be limited (i.e., as relates to the other litigation, it will consist "solely [of evidence of] . . . its existence") (Opp. at 2) and may be relevant at least to secondary considerations of non-obviousness; its probative value is not substantially outweighed by the concerns of Federal Rule of Evidence 403, including unfair prejudice or waste of time, particularly as this will be a timed, bench trial. The Court will limit each expert's trial opinions to what the expert has fairly disclosed before trial – although this is not a basis, at this time, to grant Hospira's motion (notwithstanding Hospira's contention that Belcher's expert has not disclosed an opinion as to how the other litigation or the regulatory status of the Abboject Product affect secondary considerations).

5. The parties' *Daubert* motions remain pending. The Court will seek clarification at the PTC as to which portions of these motions remain ripe in light of the Court's recent rulings and will hear argument at the PTC on those portions.

6. The Court will hear argument at the PTC on the pending motion to dismiss one of Hospira's counterclaims.

7.  The parties have requested seven hours per side for their trial presentations. Given the Court's recent rulings, and having considered the number of disputed issues and likely witnesses, the Court has determined that each side can fully, fairly, and reasonably present its case with between five and six hours per side. The Court will further discuss with the parties at the PTC the amount of time it should allocate to each side for trial.

8.  Trial will be held on Wednesday, June 19 between 8:30 a.m. and 6:30 p.m. and on Thursday, June 20 between 8:30 a.m. and 2:30 p.m., subject to the time allocations that will be given to the parties.

9.  The Court will discuss with the parties at the PTC the procedures for considering requests to preserve confidentiality at trial.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE